# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GLORIA JOHNSON**                                                     **PLAINTIFF**

**V.**                          **No. 4:23-CV-00313-ERE**

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                             **DEFENDANT**

## ORDER[1]

Plaintiff Gloria Johnson appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.     Background**

On August 11, 2020, Ms. Johnson protectively filed an application for benefits due to a previous back injury resulting in fusion of L4-L5, degenerative disc disease, depression, future fusion surgery for L3, anxiety due to pain, and hip pain. *Tr. 195*.

Ms. Johnson's claim was denied initially and upon reconsideration. On May 31, 2022, the Administrative Law Judge ("ALJ") issued an unfavorable decision finding that Ms. Johnson was not disabled. *Tr. 13-34*. The Appeals Council denied

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

1

Ms. Johnson's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-5*.

Ms. Johnson, who was forty-seven years old at the time of the hearing, has a high school education and past relevant work experience as a day care worker and child-care attendant. *Tr. 41, 58*.

## II.     The ALJ's Decision[2]

Because Ms. Johnson engaged in substantial gainful activity from July to September 2020 – after the alleged onset date – the ALJ considered whether she had been disabled since September 9, 2020. *Tr. 16*. The ALJ concluded that Ms. Johnson had the following severe impairments: degenerative disc disease; status: post-lumbar fusion at L4-5 and L5-S1 with radiculopathy; status: post-revision and posterior lumbar interbody fusions at L3-L4; lumbar spondylolisthesis; depression; generalized anxiety disorder; and migraines. *Id*. However, the ALJ found that Ms. Johnson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). *Tr. 17*.

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

According to the ALJ, Ms. Johnson had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) only occasional stooping, kneeling, crouching, and crawling; (3) must avoid concentrated exposure to excessive vibration; (4) only simple work tasks and simple work setting changes; and (5) only occasional interaction with coworkers, supervisors, and the public. *Tr. 19*. In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Johnson could perform, including document preparer and table worker. *Tr.* 59. Accordingly, the ALJ determined that Ms. Johnson is not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also

evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B. **Ms. Johnson's Arguments for Reversal**

Ms. Johnson contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) assessing her RFC; and (2) finding her subjective complaints inconsistent with the record. *Doc. 11 at 20-29*.

C. **Analysis**

1. **RFC**

Ms. Johnson argues that the ALJ erred in assessing an RFC of a reduced range of sedentary work. *Doc. 11 at 25*. She asserts she cannot perform sedentary work because she is unable to sit for long periods, has difficulty driving for long periods, and must constantly alternate between sitting and standing to be comfortable. *Id*. Ms. Johnson stated she suffers severe pain after having two back surgeries in six years. *Id*.

As the ALJ recognized, neither Ms. Johnson's medical records nor her activities of daily living support her claim that she is unable to perform a reduced range of sedentary work. For example, on October 26, 2020, Ms. Johnson underwent a posterior lumbar interbody fusion. *Tr. 25, 596, 692*. But, on

November 9, 2020, her treating doctor noted that Ms. Johnson was "doing great after surgery" and "does not have any pain in her back." *Tr. 596*. She was also able to walk a mile the day before the visit. *Id.* In December 2020, she also reported that she was "doing well after surgery" but had not been walking, as previously recommended. *Tr. 600*. At a February 23, 2021, appointment, she reported her lower back pain was "much better" and she "walks on a daily basis" but had not "started doing any significant aerobic exercises." *Tr. 550, 579-581, 604*.

Her doctor repeatedly noted that Ms. Johnson rises from a chair "relatively easily," "doing well," and walks with a "nonantalgic gait." *Tr. 555, 601, 605, 609, 672, 683*. Ms. Johnson was "doing well" and her doctor "strongly encouraged her to start swimming and doing body weight exercises." *Tr. 609*.

Despite her doctor's instructions, Ms. Johnson failed to regularly swim, do body weight exercises, or walking two to three miles a day. *Tr. 600, 604, 628, 630, 683*. "A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)). Furthermore, if Ms. Johnson's doctor believed she should walk two to three miles a day, she could perform sedentary work. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating

5

physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). In fact, in March of 2022, her treating doctor said she could lift no more than 30 lbs., which is far above the lifting requirements for sedentary work. *Tr. 677.*

When she finally took up swimming in August 2021, Ms. Johnson reported that she felt better. *Tr. 650.* Ms. Johnson's doctor noted that she was "generally much better than she was before surgery." *Tr. 650.* Improvement in strength and diminished pain supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The records also show Ms. Johnson was able to independently climb stairs, bathe, and dress. *Tr. 650.* The ALJ also noted that, despite her complaints of pain, Ms. Johnson can drive a car, prepare meals, attend church, manage money, and leave home unaccompanied. *Tr. 20, 25, 207-209.* Such daily activities undermine her claims of disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003).

A claimant "bears the burden of proof to establish her RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). The ALJ should consider, "all the evidence in the record" in determining RFC, including "the medical records, observations of treating physicians and others, and including an individual's own

description of his limitations." *Krogmeier v. Barnhart*, 294 F.3d at 1024 (8th Cir. 2002) (citing *McKinney v. Apfel*, 228 F3.d 860, 863 (8th Cir. 2000)). "A claimant's RFC represents the most [s]he can do despite the combined effects of all of h[er] credible limitations and must be based on all credible evidence." *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The ALJ cited several instances in the record he considered including Ms. Johnson's physician's notes, treatment plan, and her own statements.

Ms. Johnson's RFC is supported by the record.

### 2. Subjective Complaints are Inconsistent with the Record

Ms. Johnson contends the ALJ erred in finding her subjective complaints were not entirely consistent with the record. *Doc. 11*. Ms. Johnson argues she told two providers in February 2021, that she did not plan on returning to work due to her back pain and depression. *Id*. However, as mentioned above, she was "strongly" advised to start swimming, walking, and doing body weight exercises, to help with the pain, which she had not been doing. *Tr. at 581*. Again, "[a] lack of functional restriction on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Ms. Johnson contends she was still suffering from pain in April 2021, but she was not following her doctor's recommendations. A claimant's non-

7

compliance with treatment is a legitimate consideration in evaluating the validity of [her] alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). "A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)). Notably, she did not start swimming until August 2021, and told her doctor she felt better when she did swim. *Tr. 650*.

Though the ALJ found Ms. Johnson had medically determinable impairments that could reasonably be expected to cause her pain, he also found her statements concerning the "intensity persistence and limiting effects" not entirely consistent with the medical evidence in the record. *Tr. 21*. On April 29, 2021, Ms. Johnson reported pain in her right hip that was radiating to her groin and a burning pain in her posterior right thigh. *Tr. 22, 628*. However, a concurrent physical exam noted "intact lower extremity strength and sensation bilaterally." *Id*. An x-ray of the lumbar spine also demonstrated well-placed hardware at L3-4, a complete fusion, and no toggling of screws. *Id*. By August 27, 2021, Ms. Johnson reported she was doing much better than before surgery. *Tr. 650*. She complained of a stiff back but had a non-antalgic gait, with full strength and sensation in the bilateral lower extremities. *Tr. 22, 652*. The ALJ may discount a claimant's complaints of

pain if they are inconsistent with the evidence as a whole. *Ostronski v. Chater*, 94F.3d 413, 418 (8th Cir. 1996).

Ms. Johnson also contends the ALJ did not give enough weight to her mental impairments. *Doc. 11 at 26-27*. Although Ms. Johnson was diagnosed with depression, she repeatedly reported negative for depression and records repeatedly refer to her mental impairments as "stable." *Tr. 666, 681-683*. "Routine denials of depression and anxiety during her primary care visits . . . [and a lack of] additional mental health treatment" support an ALJ's finding that a mental impairment is not severe. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022)

It also appears that Ms. Johnson's mental impairments are controlled with medication. *Tr. 681, 683, 689*. Again, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes*, 275 F.3d at 725.

Dr. Brad Williams, a consultative examiner for the Social Security Administration, noted that, although Ms. Johnson has been diagnosed with depression and anxiety, her "MDI[3] causes no significant limitations at this time." *Tr. 89*. Also, Ms. Johnson was not referred for any additional mental health treatment. *Tr. 22, 89*.

---

[3] Medically Determinable Impairment.

The ALJ also accounted for Ms. Johnson's mental impairments in her RFC, by limiting her to only "occasional interaction with coworkers, supervisors, and the public." *Tr. 19*.

The ALJ's decision is supported by substantial evidence in the record.

## IV. CONCLUSION

The ALJ applied proper legal standards in evaluating Ms. Johnson's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 19 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE